**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **ANGELA ROWE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO:** |
| | ) | |
| **VUTEQ USA, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Angela Rowe ("Rowe"), by counsel, against Defendant, Vuteq USA, Inc., ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*.

### II. PARTIES

2. Rowe is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A).

6. At all times relevant to this action, Rowe was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Rowe is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Rowe's disability and/or Defendant regarded Rowe as being disabled.

8. Rowe exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Rowe was hired by the Defendant on or about September 30, 2019 and she worked in Assembly.

11. At all times relevant, Rowe met and/or exceeded Defendant's legitimate performance expectations.

12. Rowe has been diagnosed with cervical cancer which qualifies as a disability within the meaning of the Americans with Disabilities Act, as amended

(ADAA) and/or Rowe was regarded as disabled by the Defendant. Rowe made the Defendant aware of her disability.

13. In mid-October 2019, Rowe began bleeding without a known cause. The bleeding continued and Rowe notified Jessica Eberhardt, Human Resources, of her medical issue related to her disability at the same time she learned that Defendant had failed to enroll Rowe in the Defendant's health insurance plan despite requesting to be enrolled and filling out the necessary paperwork.

14. On January 10, 2020, Rowe passed out while at work and was transported to the hospital. Rowe was released to return to work without restrictions, but with instruction to follow-up with her own physician. Rowe returned to work and soon learned of her cancer diagnosis, of which she made the Defendant aware. On January 17, 2020, Rowe discussed the possibility of a job transfer with Eberhardt to a position with less walking requirements. Eberhardt told Rowe to put in for a transfer, which Rowe did

15. Eberhardt also discussed placing Rowe on restrictions, including suggesting that Rowe be placed on a sit-down restriction that would have her work on making pillows. Rowe discussed other options with Eberhardt, but Eberhardt insisted that Rowe had to have a sit-down position because Rowe had passed out previously. Relying on this information, Rowe was placed on a sit-down restriction by her physician.

16. On January 20, 2020, Lisa Nelson, HR Manager, called Rowe and informed her that she was being terminated because Respondent did not have light duty work for anyone outside of those individuals who were on worker's compensation. Rowe told Nelson that Eberhardt had told her to get the sit-down restrictions in place. Nelson disregarded this, telling Rowe that Eberhardt did not know what she was talking about. Rowe offered to have the restrictions modified to allow standing, but Nelson refused and terminated Rowe's employment.

17. Defendant failed to engage in the interactive process and then terminated Rowe in violation of the ADAAA.

## V. LEGAL ALLEGATIONS

### COUNT I – DISABILITY DISCRIMINATION

18. Paragraphs one (1) through seventeen (17) of Rowe's Complaint are hereby incorporated.

19. Defendant violated Rowe's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by failing to engage in the interactive process and by terminating her because of her actual or perceived disability.

20. Defendant's actions were intentional, willful and in reckless disregard of Rowe's rights as protected by the ADA.

21. Rowe has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Angela Rowe, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

    Respectfully submitted

    /s/ Lauren E. Berger_____
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
            kfb@bdlegal.com

*Attorneys for Plaintiff, Angela Rowe*

**DEMAND FOR JURY TRIAL**

The Plaintiff, Angela Rowe, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Angela Rowe*